EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Abdel Guadalupe Tirado, et al.<br>　　Recurridos<br><br>　　　　v.<br><br>Comisión Estatal de Elecciones,<br>Et al.<br>　　Peticionarios<br><br>Lcdo. Gerardo A. Cruz Maldonado,<br>Comisionado Electoral del Partido<br>Popular Democrático, et al.<br>　　　Recurridos | Certiorari<br><br>2005 TSPR 91<br><br>164 DPR ____ |

Número del Caso: CC-2005-306

Fecha: 28 de junio de 2005

Tribunal de Apelaciones:

　　　　　　　Región Judicial de San Juan Panel V

Juez Ponente:
　　　　　　Hon. Erick J. Ramírez Nazario

Abogado de la Parte Peticionaria:

　　　　　　Lcdo. Ramón L. Walker Merino

Abogados de las Partes Recurridas:

　　　　　　Lcdo. Denis Márquez Lebrón
　　　　　　Lcda. Jessica Martínez Birriel
　　　　　　Lcdo. Gilberto Concepción Suarez
　　　　　　Lcda. Johanna Emmanuelli Huertas
　　　　　　Lcdo. Andrew Jiménez Cancel

Materia: Certificación de candidato a legislador municipal
　　　　(Ley Electoral, Ley de Municipios Autónomos)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Abdel Guadalupe Tirado, *et al.*
    Recurridos

                    v.

Comisión Estatal de Elecciones,          CC-2005-306      Certiorari
*et al.*
    Peticionarios

Lcdo. Gerardo A. Cruz Maldonado,
Comisionado Electoral del Partido
Popular Democrático, *et al.*
        Recurridos

        Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

                San Juan, Puerto Rico, a 28 de junio de 2005.

        Nos corresponde determinar si un candidato a Legislador Municipal que acudió a las elecciones generales de noviembre de 2004 como candidato independiente tiene derecho a ocupar el último escaño de Legislador Municipal que la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4001 et seq., reserva, mediante el mecanismo de representación de minorías, a aquel "partido político" que llegue en tercer lugar en unas elecciones generales, cuando obtiene un número de votos que lo colocan como la tercera opción electoral con más votos directos.

I.

El pasado 2 de noviembre de 2004 se celebraron en Puerto Rico las elecciones generales. Tras el conteo inicial, en virtud de lo establecido en el Art. 6.009 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977, 16 L.P.R.A. sec. 3269 (en adelante Ley Electoral de Puerto Rico), y en el Art. 4.003 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4153, la Comisión Estatal de Elecciones (en adelante C.E.E) certificó y declaró debidamente electos en el Municipio de Vieques a los siguientes Legisladores Municipales:

| | | |
|---|---|---|
| Francisco J. Pimentel Maldonado | PPD | 2,322 |
| Gertrudis Guadalupe Guadalupe | PPD | 2,294 |
| Manuel Pérez Pérez | PPD | 2,288 |
| Luis A. Ilarraza Rodríguez | PPD | 2,288 |
| Francisco Saldaña López | PPD | 2,285 |
| Douglas Vélez Bermúdez | PPD | 2,282 |
| Juan A. Cruz Díaz | PPD | 2,282 |
| Gilberto García Ortiz | PPD | 2,256 |
| Julio Serrano López | PPD | 2,245 |
| Marcelino Díaz Nieves | PNP | 1,381 |
| Frances Colón Cruz | PNP | 1,364 |
| **José E. Feliciano Maldonado** | **IND** | **1,221**[1] |

El Sr. Feliciano Maldonado se postuló como candidato independiente a la Legislatura Municipal de Vieques. Su candidatura formaba parte de un grupo que se organizó con el único fin de proveer a Vieques un Alcalde, y su correspondiente Legislatura Municipal, que no respondiera a los intereses partidistas tradicionales. Ese grupo de

---

[1] Este Legislador Municipal electo renunció efectivo el 3 de enero de 2005. El 7 de enero de 2005 la C.E.E. certificó al Sr. José Francisco Estrada Rodríguez para cubrir dicha vacante. El referido proceso de sustitución no es objeto de controversia.

candidatos independientes obtuvo una mayor cantidad de votos que los candidatos del Partido Independentista Puertorriqueño (en adelante P.I.P)[2]. De ahí que, aun cuando el Art. 4.003 de la Ley de Municipios Autónomos, *supra*, reservaba el último escaño de Legislador Municipal a aquel "partido político" que llegase en tercer lugar, la C.E.E lo

---

[2] Según certificado por la C.E.E., el candidato a Alcalde independiente, y su grupo de Legisladores Municipales, obtuvieron la siguiente cantidad de votos:

**Alcalde**

| | |
|---|---|
| José (Gardo) Maldonado | 1,336 |

**Legisladores Municipales**

| | |
|---|---|
| Francisco Estrada Rodríguez | 1,205 |
| José A. Félix Cruz | 1,207 |
| Héctor L. Meléndez Vegerano | 1,205 |
| Derek J. Rionda Mercado | 1,206 |
| José M. Cruz Rodríguez | 1,198 |
| Benjamín Feliciano Parrilla | 1,201 |
| José E. Feliciano Maldonado | 1,221 |
| Carlos E. González Foster | 1,218 |
| Carmen N. Perea Velásquez | 1,160 |

Por su parte, el candidato a Alcalde del P.I.P., y su grupo de Legisladores Municipales, obtuvieron la siguiente cantidad de votos:

**Alcalde**

| | |
|---|---|
| Pibe Guadalupe Tirado | 227 |

**Legisladores Municipales**

| | |
|---|---|
| Carmelo Belardo Salgado | 297 |
| Carlos Ruiz Vázquez | 278 |
| Felícita Sanes Torres | 284 |
| Luz Landró Maldonado | 264 |
| Rafael Williams Brache | 276 |
| Carmen Rivera Acevedo | 260 |
| Carmen Corcino Mata | 272 |
| Brenda Liz Corcino Rosa | 263 |
| Reinaldo Rodríguez | 266 |

confirió al candidato independiente a Legislador Municipal, señor Francisco Estrada Rodríguez.

Insatisfechos con dicha certificación, el Sr. Abdel Guadalupe Tirado, Presidente del Comité Municipal del P.I.P en Vieques, y el señor Belardo Salgado, solicitaron al Tribunal de Primera Instancia la revisión de la decisión emitida por la C.E.E. Reclamaron que asistía al P.I.P., como tercer partido político, el derecho a tener un Legislador Municipal en Vieques, independientemente del número de votos que obtuviese con relación a los demás candidatos.

La C.E.E. se opuso a esta contención. Eventualmente, el Tribunal de Primera Instancia confirmó la actuación de la C.E.E y oportunamente, los señores Guadalupe Tirado y Belardo Salgado acudieron en *certiorari* al Tribunal de Apelaciones. Dicho foro concluyó que el Art. 4.003 de la Ley de Municipios Autónomos, *supra*, establece que los escaños de las minorías en las Legislaturas Municipales pertenecen a los "partidos políticos" que hayan comparecido a las elecciones, no a candidatos independientes. Por ello revocó el dictamen emitido por el Tribunal de Primera Instancia y ordenó a la C.E.E. a certificar al señor Belardo Salgado como Legislador Municipal del P.I.P. en el Municipio de Vieques.

Inconforme, la C.E.E. acude ante nos solicitando la revisión de la resolución emitida por el Tribunal de Apelaciones. Tras la presentación del recurso de

*certiorari*, y dado el alto interés público involucrado en la controversia ante nuestra consideración, concedimos término a las partes para que se expresaran sobre los méritos de las alegaciones de los peticionarios. Con el beneficio de sus comparecencias, resolvemos.

II.

A.

La Constitución del Estado Libre Asociado de Puerto Rico, en su Art. VI, sec. 1, 1 L.P.R.A., dispone, entre otras cosas, que:

> La Asamblea Legislativa tendrá facultad para crear, suprimir, consolidar, y reorganizar municipios, modificar sus límites territoriales y **determinar lo relativo a su régimen y función**; y podrá autorizarlos, además, a desarrollar programas de bienestar y a crear aquellos organismo que fueren necesarios a tal fin. (Énfasis suplido.)

A tenor con ello, la Asamblea Legislativa de Puerto Rico diseñó un esquema dirigido a garantizar la representación de las minorías en los cuerpos legislativos municipales, esquema que quedó plasmado en la Ley de Municipios Autónomos, *supra*.

En lo pertinente al asunto que nos ocupa, la referida disposición legal, en su Art. 4.003, establece que el Poder Legislativo en Vieques será ejercido por una Legislatura Municipal compuesta por doce (12) Legisladores Municipales, nueve (9) de ellos elegidos por el voto directo de los electores y **tres (3) mediante el mecanismo de representación de minorías**. Conforme ordena el inciso (a)

del citado articulado, el método que debe seguirse en la repartición de estos últimos tres (3) escaños, será el siguiente:

[...]

**(a) La Comisión Estatal de Elecciones declarará electo entre los candidatos que no hayan sido electos por el voto directo, aquéllos dos (2) que hayan obtenido más votos en el partido que llegó segundo en la votación para legisladores municipales, <u>y uno (1) del partido que llegó tercero</u>. En el caso de Culebra, el legislador municipal adicional que se declarará electo será del partido segundo en la votación para legisladores municipales.** (Énfasis suplido)

Es decir, de los escaños por minoría en la Legislatura Municipal de Vieques, dos (2) escaños pertenecen a aquel partido político que llegue en la segunda posición en las elecciones para legisladores municipales y un (1) escaño al que llegue en la tercera posición en el referido evento. Es, precisamente, el último de estos escaños --el que la ley reserva a aquel "partido político" que llegue en tercer lugar-- el que está en controversia.

El P.I.P. sostiene que los escaños de las minorías en las Legislaturas Municipales pertenecen a los "partidos políticos" según definidos en el Art. 3.001 de la Ley Electoral, *supra,* y no a candidatos independientes.

La C.E.E., por su parte, entiende que las circunstancias particulares del presente caso (donde un candidato a Alcalde independiente, y su grupo de

legisladores, obtuvieron una mayor cantidad de votos que los candidatos del Partido Independentista Puertorriqueño) ameritan alejarse de una interpretación literal del concepto "partido político" y que, en la alternativa, requieren que se adopte una interpretación que dé primacía a la voluntad del pueblo expresada en las urnas.

B.

La Ley Electoral de Puerto Rico establece que "partido político" "[s]ignificará partido principal, partido por petición, partido local por petición y partido coligado". 16 L.P.R.A. sec. 3002 (38). Esta definición nos remite, a su vez, a las definiciones particulares que la Ley Electoral provee de las distintas formas en que estatutariamente puede quedar constituido un "partido".

Ahora bien, la disposición en controversia está contenida en la Ley de Municipios Autónomos de Puerto Rico, la cual carece de una definición de dicho concepto. La Ley Electoral, debe, pues, complementar la interpretación de los aspectos electorales contenidos en la Ley de Municipios Autónomos, en todo aquello que no sea incompatible con su texto, con la intención legislativa o con claros preceptos jurídicos que rigen en materia electoral.

Una lectura integral del artículo 4.003 nos convence de que al evaluarlo debemos apartarnos de la concepción tradicional y estrecha de la expresión "partido político" que nos propone el P.I.P. y que avaló el Tribunal de Apelaciones. Veamos.

El artículo 4.003 claramente reconoce que resultarán electos a una Legislatura Municipal los candidatos que hayan obtenido la mayor cantidad de votos directos. Tal elección no está sujeta a que los candidatos vencedores hayan comparecido a las elecciones como parte de un partido político. La obtención del favor mayoritario del electorado valida así su elección. Sobre tal posibilidad no existe controversia alguna. Así pues, si los candidatos independientes viequenses hubiesen obtenido el favor mayoritario del voto directo no habría dudas sobre su elección.

La controversia la genera el hecho de que el inciso (a) del artículo 4.003 dispone que varios puestos electivos de las Asambleas Legislativas concedidos a las minorías sean adjudicados a los "partidos políticos" que hallan "llegado" segundo y tercero en las elecciones. Una interpretación literal de dicha disposición --basada en que la expresión "partido político" debe ser entendida en términos de que se refiere a las agrupaciones de ciudadanos que se han organizado en alguna de las formas partidistas tradicionales--, produciría la automática exclusión de los candidatos independientes de la posibilidad de ocupar alguno de dichos puestos.

En este sentido, tal interpretación literal crearía la situación de que todo candidato a un puesto de legislador municipal independiente sólo puede aspirar a ser electo mediante el mecanismo de elección por voto

mayoritario directo. En tal caso no tendría posibilidad de ser acreedor a los mecanismos procesales de elección de minorías que benefician a los partidos políticos y que pretenden promover la representatividad de aquellos sectores, que si bien no obtienen el favor mayoritario, obtienen el suficiente número de votos para ser considerados representativos de un sector importante de una comunidad. Más aún, tal interpretación podría crear un resultado como el que potencialmente enfrentamos en el presente caso, de que se conceda una posición en una Asamblea Municipal a un candidato que obtuvo un menor número de votos directos que cualquier otro candidato independiente que haya comparecido válidamente a la elección por el único hecho de que compareció como candidato de un partido político.

La interpretación literal defendida por los recurridos tiene, pues, serios problemas jurídicos que nos impiden que la avalemos. Primero, atenta contra elementales principios democráticos que postulan que la elección de un candidato supone el apoyo mayoritario del pueblo. Art. II, Sec. 2, Const. de P.R. En este sentido, adoptar la propuesta del P.I.P. <u>implicaría conceder un escaño municipal a un candidato que obtuvo 297 votos, por encima de otro que obtuvo 1,205</u>. La naturaleza antidemocrática de ese proceder es evidente.

Segundo, en la medida en que subordina el mandato electoral a formalismos legales, desvirtúa el valor del

voto directo. Id.; véase, García v. Tribunal Electoral, 105 D.P.R. 49 (1976). En términos prácticos implicaría condicionar el valor de ese voto a que el candidato que lo recibe haya comparecido al proceso electoral como parte de un partido político.

Tercero, desmerece un esquema electoral harto conocido por la ciudadanía que procura que frente a las alternativas partidistas tradicionales, la ciudadanía pueda optar por candidatos independientes, e incluso votar por personas no incluidas en una papeleta mediante el mecanismo de nominación directa. De este modo, subvierte los propósitos delimitados en la Ley Electoral de Puerto Rico que claramente dispone que,

> las tendencias electorales modernas exigen la capacidad de expresión con independencia de afiliación partidista para la protección de todos los ciudadanos que así lo desean. Por tal razón, nos reafirmamos en el principio de que los propósitos de existencia de un ordenamiento electoral descansan en unas garantías de pureza capaces de contar cada voto en la forma y manera en que sea emitido. Art. 1.002 de la Ley Electoral, 16 L.P.R.A. sec. 3002.

Y cuarto, atenta contra el principio básico de la igualdad electoral, pues excluye a las candidaturas independientes de la posibilidad de obtener un puesto electivo mediante uno de los mecanismos de elección contemplados por ley.

Sobre este último aspecto, hemos reconocido que el axioma constitucional de igualdad electoral "es susceptible de manifestarse en diversas dimensiones". P.R.P. v. E.L.A., 115 D.P.R. 631, 633 (1984). P.P.D. v. Gobernador I,

139 D.P.R. 643, 667 (1995). Si bien en el pasado ha sido invocado en el contexto de controversias que involucraban partidos políticos, no es exclusivo de ese contexto. Las alternativas electorales en ocasiones trascienden los márgenes de los partidos políticos. Se amplían; y con ellas los escenarios en los que el axioma constitucional de trato igualitario debe ser aplicado. No podemos constreñir su alcance. Ensancharlo es lo correcto. Frente a la partidocracia debe prevalecer la democracia.

Es correcta, pues, la interpretación que la C.E.E. ofrece del artículo 4.003. Bajo el esquema democrático vigente, la expresión electoral mayoritaria debe ser respetada. No podemos avalar una interpretación en extremo formalista que permitiría a un partido obtener, en contra de la clara expresión de la ciudadanía, lo que por medio del voto no obtuvo.

Ante cualquier incompatibilidad conceptual de las normas estatutarias o reglamentarias que rigen en materia electoral, venimos obligados, tal y como la hizo la C.E.E., a dar primacía a la máxima protección de la expresión electoral. Suárez Jiménez v. Comisión Estatal de Elecciones I y II, res. el 20 de noviembre de 2004, 2004 TSPR 179, y el 23 de diciembre de 2004, 2004 TSPR 208; P.P.D. v. Barreto, 111 D.P.R. 199 (1981); Granados Navedo v. Rodríguez Estrada I, 124 D.P.R. 1 (1989); P.N.P. v. Rodríguez Estrada, 123 D.P.R. 1 (1988); Santos v. C.E.E.,

111 D.P.R. 351 (1981); P.S.P. v. C.E.E., 110 D.P.R. 400 (1980).

En vista de ello, en circunstancias como las de autos, donde un candidato a Alcalde independiente, y su grupo de legisladores, obtiene una mayor cantidad de votos que los candidatos de un partido político tradicional, los primeros deben ser merecedores de ocupar el escaño que el Art. 4.003 de la Ley de Municipios Autónomos, *supra*, reserva a aquel "partido político" que llegue en tercer lugar.

Abona a esta conclusión el claro texto de la Ley Electoral, *supra*, que si bien es cierto no contempla una candidatura independiente dentro de la definición tradicional de partido político, sí la reconoce dentro de los *"Derechos y Prerrogativas"* que la mencionada disposición legal le otorga a los electores puertorriqueños. Así claramente se desprende del Art. 2.001, incisos tres (3), cuatro (4), diez (10) y once (11), los cuales, con el fin de garantizar el libre ejercicio de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo, reconocen al elector los siguientes derechos y prerrogativas:

> [....]
>
> 3. El derecho del ciudadano al [...] voto independiente bajo condiciones de igualdad en cada caso.
>
> 4. El derecho del elector a participar [...] en la inscripción de candidaturas independientes.

[....]

10. El derecho a la libre emisión del voto y a que éste se cuente y se adjudique de la manera en que el elector lo emita.

11. La prevalencia de los derechos electorales del ciudadano sobre los derechos y prerrogativas de todos los partidos y agrupaciones políticas.

Cualquier interpretación de la Ley Electoral, *supra*, debe estar en consonancia con el referido articulado que, como hemos visto, promulga, entre otras cosas, la prevalencia de los derechos electorales del ciudadano sobre los derechos y prerrogativas de todos los partidos y agrupaciones políticas. La democracia existe para hacer valer la voluntad de los ciudadanos, no la de los partidos políticos.

En consecuencia, concluimos que el mecanismo electoral para garantizar la representatividad de las minorías no está limitado a los partidos políticos. La expresión "partido político" contenida en el inciso (a) del artículo 4.003 de la Ley de Municipios Autónomos debe entenderse que incluye a cualquier agrupación de individuos o a candidatos independientes que hayan comparecido válidamente a una elección y hayan obtenido la segunda o tercera posición de entre las alternativas electorales de una elección. En este sentido, haber obtenido el suficiente número de votos directos como para llegar segundo o tercero en un evento electoral cualifica a un

candidato independiente para obtener un escaño mediante el mecanismo de representación de minorías.

III.

Al aplicar los principios antes enunciados resulta forzoso revocar la determinación del Tribunal de Apelaciones y restablecer la determinación del C.E.E.

En el presente caso, es un hecho incontrovertido que, pasadas las elecciones generales de 2 de noviembre de 2004, el candidato a Alcalde independiente de Vieques, y su grupo de legisladores, obtuvieron una mayor cantidad de votos que los candidatos del Partido Independentista Puertorriqueño. De esta manera, se convirtieron en la referida municipalidad en la tercera agrupación electoral con más votos directos. A la luz de ello, y en una actuación que consideramos correcta, la C.E.E. decidió adjudicar a un candidato independiente a Legislador Municipal el último escaño que la Ley de Municipios Autónomos reserva para las minorías.

Obviando el claro mandato expresado en las urnas por los electores viequenses **y la voluntad común de un grupo de éstos de presentarse como una alternativa a los candidatos de los principales partidos políticos**, el Tribunal de Apelaciones decidió revocar esa decisión y otorgarle el escaño al candidato del P.I.P. que más votos obtuvo. Fundamentó su dictamen en una aplicación literal de la Ley Electoral y de su definición del concepto "partido político". Como expresamos anteriormente, no podemos avalar

dicho curso decisorio. Al privar a los candidatos independientes de la oportunidad de considerarse una minoría para fines de tener representación en la legislatura Municipal de Vieques, se vulneraron los derechos y prerrogativas que, conforme al Art. 2.001 de la Ley Electoral, *supra*, le asisten a todo elector, máxime cuando son certificados como candidatos.

En vista de ello, entendemos que la C.E.E. actuó correctamente al dar primacía a la máxima protección de la expresión electoral y, por ende, al certificar al señor Estrada Rodríguez como Legislador Municipal de Vieques. Con esta decisión, le garantizamos a los electores viequenses su derecho constitucional a la expresión de su voluntad mediante el sufragio universal, igual y directo. Art. II de la Constitución del Estado Libre Asociado, 1 L.P.R.A.

IV.

Por los fundamentos expuestos en la Opinión que antecede, se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se mantiene en todo su vigor la certificación emitida por la C.E.E. el 7 de enero de 2005 y se ordena a la Legislatura Municipal de Vieques a que, con la mayor premura posible, tome juramento al Sr. José Francisco Estrada Rodríguez, como Legislador Municipal Independiente del referido municipio.

Se dictará la Sentencia correspondiente.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Abdel Guadalupe Tirado, *et al.*
    Recurridos

                v.

Comisión Estatal de Elecciones,        CC-2005-306      Certiorari
*et al.*
    Peticionarios

Lcdo. Gerardo A. Cruz Maldonado,
Comisionado Electoral del Partido
Popular Democrático, *et al.*
        Recurridos


                            SENTENCIA


        San Juan, Puerto Rico, a 28 de junio de 2005.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hacer formar parte integral de la presente, se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se mantiene en todo su vigor la certificación emitida por la C.E.E. el 7 de enero de 2005 y se ordena a la Legislatura Municipal de Vieques a que, con la mayor premura posible, tome juramento al Sr. José Francisco Estrada Rodríguez, como Legislador Municipal Independiente del referido municipio.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta vota conforme con la opinión por entender que el Tribunal utiliza una metodología interpretativa correcta, a partir de los principios básicos de nuestro esquema electoral, para llenar una laguna en la Ley de Municipios Autónomos y evitar una interpretación contraria a nuestra Constitución.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo